**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| EAGLE WELL SERVICE, INC. d/b/a ) <br> BRONCO ENERGY SERVICES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v.  ) <br> ) <br> CENTRAL POWER SYSTEMS & SERVICES, ) <br> INC., ) <br> ) <br> Defendant. ) | Case No. CIV-08-31-M |

## ORDER

Before the Court is defendant's Special Appearance and Motion to Dismiss or in the Alternative to Transfer to District of Kansas [docket no. 7], filed February 4, 2008. On February 22, 2008, plaintiff filed its response. Based upon the parties' submissions, the Court makes its determination.

Plaintiff filed the instant matter against defendant alleging breach of contract, *quantum meruit* and fraudulent inducement arising out of the parties' contract. This case is in federal court solely on the basis of diversity. Plaintiff asserts in its complaint that venue is proper in the Western District of Oklahoma pursuant to 28 U.S.C. § 1391 for the reason that "a substantial part of the events giving rise to the asserted claims occurred in this district". Complaint, at 2. Defendant now moves to dismiss plaintiff's claims on the basis that venue is improper. Alternatively, defendant moves to transfer the instant action to the District of Kansas.

I.  Background

On or about October 27, 2005, plaintiff entered into a contract with defendant for the

purchase of ten DDC[1] engines and Allison transmissions. Plaintiff was to assemble the engines and transmissions and use them on its drilling rigs. Under the terms of the contract, plaintiff agreed to pay defendant the sum of $70,945 per unit, for a total of $709,450. According to plaintiff, the units were to be constructed in Kansas and shipped to China for assembly on the rigs by a third-party contractor. The fully assembled rigs would then be shipped to the United States for use in this country.

A dispute arose between the parties as to the design, construction and implementation of a wire harness necessary to connect the engine and transmission for operation on each rig. Plaintiff contends that items were missing, constituting a breach of contract. Specifically, plaintiff alleges that defendant shipped each of the units without a working harness and did not reveal the defect to plaintiff. Upon plaintiff's discovery of the alleged defect, defendant agreed to manufacture additional wire harnesses for plaintiff. However, plaintiff alleges that defendant was unable to cure the defects. Plaintiff then contracted with an Oklahoma-based dealer to design and construct suitable wire harnesses for the units.

## II. Analysis

Motions to transfer are governed by 28 U.S.C. § 1404(a), which provides as follows: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) was enacted to allow the courts greater discretion to transfer actions rather than dismiss them based on *forum non-conveniens*. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981). The party seeking to transfer a case pursuant to Section 1404(a) bears the burden of showing that the existing

---

[1]Defendant does not specify what the abbreviated term "DDC" represents.

forum is inconvenient. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

> Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.
>
> Among the factors [a district court] should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising from the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* at 1516.[2]

In this case, the Court finds defendant has established that transfer is warranted to the District of Kansas. Specifically, the Court finds that all of the witnesses involved in the sale, negotiation and performance of the contract are in Kansas, with the exception of plaintiff's representative who moved to Oklahoma over a year after the sale and dispute took place. The evidence and documents regarding the contract and the engines, transmissions, and harnesses are located in Kansas or Missouri. Furthermore, the Court finds this action might have been brought in the District of Kansas. Finally, this case will be governed by Kansas contract law pursuant to conflict of law principles.

While plaintiff's choice of forum is rarely to be disrupted, the Court finds that the

---

[2]The Court notes that the difficulties that may arise from congested docket is a factor that is not relevant in the instant case.

convenience of the parties and the interests of justice warrant transferring the instant matter to the District of Kansas. Because the Court finds that this action should be transferred whether venue is proper or not, the Court will assume, without deciding, for purposes of this order, that venue is proper.

IV.     Conclusion

For the reasons set forth in detail above, the Court hereby GRANTS defendant's motion to transfer the instant cause of action to the District of Kansas and TRANSFERS this action to the United States District Court for the District of Kansas.

**IT IS SO ORDERED this 11th day of March, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE